# Weiler *v.* The Lancaster County Mutual Insurance Company, Appellant.

*Insurance—Fire insurance—Additional insurance—Failure to notify company.*

1. In an action on a policy of fire insurance for $1,000, the plaintiff is not entitled to recover, where it appears that the policy provided that notice of other insurance must be indorsed on the policy, otherwise the insurance would be void; that the plaintiff at the time the policy in suit was issued to him had already $3,000 of insurance in the defendant company; that he requested $4,000 additional insurance which was refused, and only $1,000 granted to him; that he told the secretary of the company that he would secure $3,000 of additional insurance in other companies, and that he subsequently took out $5,500 additional insurance in other companies of which he gave the defendant company no notice.

2. In such a case the fact that the secretary of the company knew that the plaintiff contemplated taking out additional insurance is not

250 WEILER *v.* LANCASTER MUT. INS. CO., Appellant.

inconsistent with the covenant of the policy that such additional insurance when taken out, should be indorsed upon the policy. The burden is upon the insured to establish by evidence that the company had waived the condition of the policy or was estopped to assert it.

Argued Nov. 16, 1911.    Appeal, No. 17, Oct. T., 1911, by defendant, from judgment of C. P. Lancaster Co., June T., 1910, No. 64, on verdict for plaintiff in case of H. J. Weiler v. The Lancaster County Mutual Insurance Company.    Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.    Reversed.

Assumpsit on a policy of fire insurance.    Before LANDIS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $924.08.    Defendant appealed.

*Error assigned* was in refusing to enter judgment for defendant n. o. v.

*Chas. W. Eaby,* for appellant, cited: Smith v. West Branch Mut. Fire Ins. Co., 31 Pa. Superior Ct. 29; Seibel v. Ins. Co., 16 Lanc. L. R. 356; McSparran v. Southern Ins. Co., 193 Pa. 184; Girard Fire & Marine Ins. Co. v. Hebard, 95 Pa. 45; Mitchell v. Ins. Co., 51 Pa. 402; Monk v. Ins. Assn., 27 Pa. Superior Ct. 449.

*B. F. Davis,* for appellee, cited: Farmers' Mut. Fire Ins. Co. v. Ensminger, 12 W. N. C. 9; Planters', etc., Ins. Co. v. Lyons, 38 Tex. 253.

OPINION BY PORTER, J., July 18, 1912:

This is an action on a policy of insurance issued by the defendant company to plaintiff, "on contents of store stock, same as usually kept in a general store." The application for the policy was made and the premium paid on March 25, 1909, and the policy was dated and issued on the third day of the month following. The policy

contained the following material covenant: "Notice of all other insurance upon the property herein described, whether made prior or subsequent to the date hereof, must be indorsed on this policy, otherwise this insurance shall be void." The plaintiff on March 22, 1909, three days prior to his application to the defendant company, had made written application to the Old Guard Mutual Fire and Storm Insurance Co. for $3,000 insurance on the same stock of goods and that company issued and delivered to him, in pursuance of said application, its policy for that amount on March 31, 1909. When plaintiff made his application to the defendant company he failed to disclose that he had then pending an application for insurance with the Old Guard Mutual Fire and Storm Insurance Co. The plaintiff on the same day on which he made application to the defendant company took out a policy upon the same stock of goods in the Penn Mutual Fire Insurance Co. in the sum of $1,500, and another in the Mutual Fire Insurance Co. of Chester county, in the sum of $1,000, making in all an insurance amounting to $5,500, in addition to the policy of the defendant company. The plaintiff failed to give the defendant company notice of the existence of any of these additional policies until after the fire, which occurred on January 17, 1910, at which time the policy in suit had been in possession of the plaintiff over nine months, and no indorsement of the other insurance had been made upon the policy, nor had the plaintiff made any attempt to have that condition complied with. By the express terms of the contract the insurance was void, unless the company had waived the provisions of the covenant above recited, or was, by facts established by evidence, estopped to assert that covenant.

The burden was upon the plaintiff to establish by evidence that the defendant company had waived this condition of the policy, or was estopped to assert it. The only attempt of the plaintiff to discharge this burden was by his own testimony as to what was said at a conver-

sation between him and the secretary of the defendant company at the time he made his application for the insurance. · There was no dispute as to the circumstances which led up to that conversation, and those circumstances were thus correctly stated by the learned judge of the court below in his charge to the jury: "On March 25, 1909, he (plaintiff) called upon J. M. Eaby, the secretary of the Lancaster County Mutual Fire Insurance Co., and requested $4,000 insurance on the stock. Mr. Eaby replied to this request that his company already had $3,000 on the building, that they did not issue policies for over $4,000 on the same risk, and, therefore, he refused to grant the $4,000 on the stock, but an application was then prepared for $1,000, and a policy was subsequently issued, which bears date April 3, 1909." As to what was said with regard to the balance of the insurance which the plaintiff expressed his· desire to take, the testimony of the plaintiff and that of the secretary is not entirely in harmony. The plaintiff testified: "Q. What did you say to him, and what did he say to you? A. I asked him to take the full amount of the insurance, and he said that their company wouldn't take over $4,000 of a risk with one individual; as they had $3,000 on the property, they would only take $1,000 on the stock. And I told him that I was going from there, then, to Lancaster to take other insurance, and we decided that would be the right thing to do. Q. State what he did, whether or not he nodded his head affirmatively or not. A. He told me that was what I was to do, to take insurance in other companies; that he couldn't take over $1,000." The secretary having testified as to the prior issue of a policy for $3,000 on the building said: "On the 25th day of March following he (plaintiff) came again, and asked for a policy, I think, of $4,000; and I informed him that we had $3,000 on the property and could only take $1,000 more and he said, 'All right' he would get it elsewhere. . . . I told him he should notify me when and where and how much he had taken." The plain-

tiff denied that anything had been said about his giving notice of the additional insurance, and the verdict of the jury must be accepted as establishing that nothing was said as to whether the plaintiff should or should not give notice of any additional insurance which he subsequently procured. Assuming all that the plaintiff asserted to be true, the only facts which a jury could be permitted to find from it are, that he applied for a policy of $4,000 on his stock of goods, that the secretary of the defendant company told him he could only give him $1,000 on the stock, that the application was accordingly then taken for $1,000; that the plaintiff then said he would take out other insurance, and the secretary of the defendant company told him that was what he was to do. Neither the company nor the secretary, its representative, had notice or knowledge that the plaintiff had taken out additional insurance; it follows, therefore, that that line of decisions in which it is held that "Where, at the time of issuing an insurance policy, the company knows that one of the conditions thereof is inconsistent with the facts, and the insured has been guilty of no fraud, the company is estopped from setting up a breach of that condition," of which Caldwell v. Fire Association, 177 Pa. 492, and Damms v. Humboldt Fire Insurance Co., 226 Pa. 358, are examples, can have no application to this case. The fact that the secretary of the company knew that the plaintiff contemplated taking out additional insurance was not inconsistent with the covenant of the policy that such additional insurance, when taken out, should be indorsed upon the policy.

It was said, by Mr. Justice MITCHELL, in McSparran v. Insurance Co., 193 Pa. 184, concerning a covenant of this character: "But the object of the clause is to give the company an opportunity to examine into a new factor which may alter its position in the contract, and to regulate its action accordingly. This opportunity it cannot have until the notice is received. . . . The company was entitled to notice of such a material change

in the relation of the amount insured to the value of the property, and an opportunity to accept and approve the contract in its new condition, or to terminate and cancel the insurance in the method provided in the policy. This opportunity was not given it until after the fire had taken place." The policy had been in possession of the plaintiff for months prior to the fire and he is presumed to have known the contents of his contract and that under its covenants he was required to have the consent of the company to the additional insurance: Smith v. West Branch Fire Insurance Co., 31 Pa. Superior Ct. 29. The company takes insurance at less than the value of the property, that the owner may have an interest in protecting and preserving it; may be, in effect, part insurer. But when the amount of insurance is almost equal to, or greater than the value of the property insured, the company loses the benefit of that joint insurance upon which they have the right under the policy to rely. This company might have been perfectly willing to insure the stock in the sum of $1,000, or it might have been willing to insure to that amount if the total insurance upon the stock, including its own policy, amounted to only the sum of $4,000, which is the limit of the amount which there can be any pretense for asserting that the secretary of the company knew the plaintiff desired to procure upon his stock. It is not necessary in this case to decide whether knowledge by the secretary, at the time the policy was written, that the plaintiff intended, in the future, to procure additional insurance to a given amount would estop the company to assert this covenant of the policy so long as such additional insurance did not exceed that amount. Giving to the testimony the meaning most favorable to the plaintiff and the full benefit of the finding of the jury, there was not a scintilla of evidence in the case to sustain a finding that the secretary had any reason to believe that the plaintiff intended to procure a total insurance upon the stock of more than $4,000; that is $3,000 in addition to the policy of the defendant com-

pany, knowledge that the plaintiff contemplated taking out $3,000 additional insurance can by no stretch of construction be treated as notice that he would take out $5,500 additional insurance, which this plaintiff did. The company was in no default and did no act which could be treated as a waiver of the covenants of the policy, as against this excessive additional insurance. The request of the defendant for binding instructions should have been affirmed, and the motion for judgment non obstante veredicto must prevail.

The judgment is reversed and the record is remitted to the court below with direction to enter judgment in favor of the defendant non obstante veredicto.