# Healy, Appellant, *v.* Stuyvesant Insurance Co.

*Insurance—Automobile insurance—Cancellation—Failure to surrender policy.*

A provision in an insurance policy, that the unearned premium shall be returned on the cancellation of the insurance only on surrender of the policy, is a reasonable requirement.

In an action for unearned premiums, a nonsuit is properly entered, where the insured has failed to return his policy upon the cancellation of the insurance.

*Insurance policies—New insurance—Voidable.*

The clause in an insurance policy that it will become void if other insurance has' been taken which covers the property at the time of loss, does not necessarily work a forfeiture and is no ground for an action for unearned premiums, where no notice of such additional insurance was given, to the defendant company, and no loss had occurred to the property.   When a policy expressly stipulates that the taking out of other insurance without the consent of the company shall render the policy void, the insured is not entitled to a return of his premium, merely because he has violated the covenants of his policy.

Argued Oct. 15, 1918.   Appeal, No. 89, Oct. T., 1918, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., June T., 1917, No. 353, refusing to strike off nonsuit in case of William Healy v. Stuyvesant Insurance Company.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit for unearned insurance premiums.   Before AUDENRIED, P. J.

The facts appear in the opinion of the Superior Court.

The court entered a nonsuit which it subsequently refused to take off.

*Error assigned* was the order of the court.

*W. Horace Hepburn, Jr.,* for appellant.—The policy was cancelled and the plaintiff was entitled to his un-

earned premiums: Davidson v. London & Lancashire Insurance Company, 189 Pa. 132; Kerns v. Prudential Insurance Co., 11 Pa. Superior Ct. 209; Farmers & Breeders Insurance Company v. Miller, 65 Pa. Superior Ct. 352; Ellis v. Alto Friendly Society, 16 Pa. Superior Ct. 607.

*Adolph Eichholz,* for appellee.

OPINION BY PORTER, J., July 17, 1919:

The defendant issued to William Healy and Hurley & Early, Incorporated, "as their interests may appear," a policy of insurance against damage by fire, explosion, etc., upon an automobile truck.   Ten days after the policy was issued Healy, this plaintiff, sent a letter to the defendant company saying: "In accordance with the printed condition of the above policy you are requested to cancel the same (here follows a statement giving the reasons for the cancellation, which are not material). The insurance has been placed elsewhere."   The letter did not demand a return of the premium, but it may be conceded that this was implied by the reference to the printed condition of the policy.   The defendant replied to this letter saying: "Received your letter this morning regarding the fire policy covering your car and would ask that you return the policy to us, as we cannot cancel the same by letter only, and will send you our check for the amount due you."   The plaintiff did not offer to surrender the policy, but subsequently wrote a letter which he did not see fit to offer in evidence, but to which the defendant company replied, saying: "In order that your policy be cancelled it must be surrendered.   Please send it to us.   I will figure the return premium due from the day I receive it.   Letters received regarding cancellations are not effective.   It is useless to have this correspondence.   Bring your policy in and get your money; otherwise keep the policy and be protected accordingly." This was the end of the correspondence and the defendant

never did offer to surrender his policy until ten months later. His first letter requesting the defendant company to cancel the policy was dated December 18, 1915, and he did not make any offer to surrender the policy until October 10, 1916, when his insurance broker took it to the office of the defendant company, but declined to surrender it even then unless the company would pay him upon the basis that the policy had been surrendered on December 18, 1915. The company tendered to him the amount which he was entitled to receive as a return premium upon the date that he offered to surrender the policy, but this he refused to receive and never did surrender the policy. The evidence disclosed that Hurley & Early, Inc., were the owners of the truck and this plaintiff was merely a lessee with an option to purchase. There was no evidence from which a jury should have been permitted to infer that Hurley & Early, the owners of the truck, had ever intimated to the defendant company that they consented to the cancellation of the policy. The court below entered a judgment of nonsuit which it subsequently refused to take off, from which action we have this appeal.

There is no merit in this appeal. The litigation seems to have been promoted by the insurance broker employed by the plaintiff who had had a quarrel with some officer of the defendant company. The insurance policy had been in the possession of this insurance broker, who gave as his reason for not surrendering it, "I had use for the policy and I never made demand for the money until I was ready to surrender the policy. That is a condition of the policy that you should get the money when you handed the policy back, but it was cancelled upon request." The contract of the defendant company was to insure "William Healy and Hurley & Early, Incorporated, as their interests may appear." The evidence produced by plaintiff disclosed that Hurley & Early owned the truck, this plaintiff had no authority to cancel the policy without the consent of Hurley & Early, and before he

was in a position to demand of the company a return of any part of the premium it was incumbent on him to present to the company such evidence as ought to have satisfied it that Hurley & Early consented to the cancellation of the policy. The evidence which he presented failed to disclose that he had even made any attempt to do so, and this alone was sufficient reason for the refusal of the court below to take off the judgment of nonsuit. Even if Hurley & Early had consented to the cancellation of the policy, the right of the plaintiff to demand a return of the premium was wholly dependent upon the covenants of the policy. The covenant which relates to this matter is as follows: "This policy shall be cancelled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation. If this policy shall be cancelled as hereinbefore provided or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate." This plaintiff undertook to cancel the policy under this covenant and he had no right to demand a return of the unearned portion of the premium until he had surrendered the policy. This is a reasonable requirement, for if the policy was suffered to remain in the possession of the insured the company would, in case of a loss, be subject to the risk of having it asserted that the negotiations for the cancellation of the policy never had been completed or that some officer of the company had agreed to a revocation of the cancellation and accepted a repayment of the premium. After the defendant company wrote the letter which closed the correspondence between them saying: "bring your policy in and get your money; otherwise keep the policy and be protected accordingly," it is altogether probable, in case a loss had occurred that this plaintiff would have asserted that the company continued to be bound by the policy.

The learned counsel representing the plaintiff argues, however, that he is entitled to recover for the reason that the policy had become void on December 10, 1915, when the plaintiff took out a policy in another company covering the property. He founds this argument upon the following covenant in the policy: "If at the time a loss occurs there be any other insurance, direct or indirect, covering the property described herein which would attach if this insurance had not been effective, and if such other insurance has been effected without the special consent of this company endorsed hereon, then, in that event, this insurance shall be null and void." The reply to the argument is that, by the very terms of the covenant the policy was only to become void in case of other insurance at the time a loss occurred, and no loss having occurred the policy never became void. The plaintiff might have cancelled the policy which he had taken out in some other company at any time before a loss occurred and if he had done so his rights under this policy would not have been affected by the fact that he at one time had insurance in some other company. When a policy expressly stipulates that the taking out of other insurance without the consent of the company shall render the policy void the insured is not entitled to a return of his premium merely because he has violated the covenants of his policy. The object of the clause is to give the company an opportunity to examine into a new factor which may alter its position in the contract, and to regulate its action accordingly. This opportunity it cannot have until the notice is received. The company is entitled to notice of such material change in the relation of the amount insured to the value of the property, and an opportunity to accept and approve the contract in its new condition, or to terminate and cancel the insurance in the method provided in the policy: McSparran v. Insurance Co., 193 Pa. 184; Weiler v. The Lancaster County Mutual Ins. Co., 50 Pa. Superior Ct. 249.

The judgment is affirmed.